**GOAD v. LOTZ et al.**

No. 8534.

Court of Civil Appeals of Texas. San Antonio.

Jan. 28, 1931.

Rehearing Denied Feb. 18, 1931.

478

Graham, Graham & Graham, of Brownsville, for appellant.

John C. Myrick, of Harlingen, for appellees.

FLY, C. J.

This is an action of trespass to try title to 32½ acres of land, being the south part of block 66, in a survey known as the Lon C. Hill subdivision of Concepcion de Carricitos grant, in Cameron county, Tex. This was the original suit, and afterwards C. G. Locke and wife brought suit for the north 32½ acres of block 66, Lon C. Hill subdivision.

The cause was tried on special issues, and on the answers judgment was rendered in favor of appellees Locke and wife for 20 acres of the north half of the 65 acres, and certain sums due on a note and account, and judgment in favor of Lotz for 20 acres of the south half of the 65 acres, and certain sums due on a promissory note and open account. Appellant recovered 25 acres between the two 20-acre tracts, 12½ acres being off the north half of the 65-acre tract, and 12½ acres off the south half of the 65-acre tract.

The suit was based on the following contract:

"I, W. E. Goad, agree to move on farm, Block 66 Lon C. Hill Subdivision of Cameron County, State of Texas, irrigated by Cameron County Water Improvement District #1, offices at Harlingen, Texas.

"I understand this tract of land is owned by J. L. Lotz and C. G. Locke of Bartlesville, Washington County, State of Oklahoma, each party owning 32½ (thirty-two and one-half) acres, J. L. Lotz the south one-half, C. G. Locke the North one-half, making sixty-five (65) acres in the entire tract.

"I agree to clear all this land, pay for all water and plant on J. L. Lotz portion 770 citrus trees to 10 acres of land, planting 77 trees to each acre, these trees to be two year old roots budded from high productive stock and true to name. I agree to pay for all trees, water, cultivation spraying and everything necessary to keep said trees in a growing and productive state.

"I also agree to plant for C. G. Locke, the same number of trees under the same agreement as stated above, I am to plant these trees in the year 1925, as soon as growing conditions will safely permit and care for same at my expense and turn over the trees at the end of 5 years to J. L. Lotz and C. G. Locke in satisfactory live growing productive state. Free from all incumbrance.

"I am to live on this tract of land the five years and cultivate this land have all the crops grown on said land for five years, I am to pay for all water used on this property on flat rate basis. I am to receive from J. L. Lotz and C. G. Locke a deed for (12½) twelve and one-half acres of land from each party, said J. L. Lotz and C. G. Locke, these 12½ acre tracts are now on record at the Cameron County Court House at Brownsville, Texas, when I complete my agreement in a satisfactory manner. Should I fail to comply with any part of this agreement, it will be just cause for removal from this tract of land and I am to receive nothing.

"[Signed] J. L. Lotz
"C. G. Locke
"W. E. Goad."

Appellant seeks to avoid the contract into which he entered with appellees by pleading and attempting to prove fraud upon the part of appellees in representing that the land was adapted to the culture of citrus fruit. Appellant alleged that those representations were false, and that he had been damaged in the sum of more than $4,000 by being induced to sign the contract herein copied. It was clearly shown that he discovered that the land was unfit for raising citrus fruit in July, 1925, and experienced a freeze in December, 1925. In other words, he was fully cognizant of the fraud perpetrated upon him before January, 1926, and yet he remained in possession of the land, improving and enjoying it, without assailing the contract, until after this suit was instituted in 1930. If there was fraud, he had known it for over four years before he ever sought to obtain damages after appellees had filed suit to recover the land which he illegally withheld from them. Appellant and appellees were residents of Oklahoma when the contract was made for the sale of the land. He knew as much about the quality of the land and the climatic con-

ditions of the country as they did, and he knew that he had as much knowledge of the Rio Grande Valley as they did. He knew more about it than they when he claimed to have complained to them of the land and climate, and yet he did not seek to rescind the contract. He still remained on the land, using it until the five-year period fixed by the contract had expired. Damages were never demanded until he was brought into court to answer the demand of the appellees for the land which belonged to them. The jury gave him 25 acres of land, as was agreed in the contract. They enforced the contract to the letter, and yet he is not satisfied because he was not given damages.

If appellant ever had any claim to damages, he had lost the right to recover them by his laches and delay for over four years. He cannot excuse his delay by stating that appellees told him, when he complained about the land and climate, to go ahead with the work on the land.

He is seeking damages in a court of law for fraud perpetrated on him, and the cause is barred by limitation of two years from the time he discovered the fraud and continued to hold the land under the contract with appellees. He does not seek cancellation of the contract, but enforcement to the letter. He has not invoked the aid of equity, but seeks the aid of the law in a rigorous enforcement of the contract, and in seeking damages for a supposed dereliction on the part of appellees. He asked for the 25 acres of land and recovered it, and, if he had any claim for damages, he lost it by delay.

If a recission of the contract had been sought and the case had been an equitable proceeding, the general rule that laws of limitation will be applied to test the diligence or laches of a plaintiff would prevent any remedy for him in a court of equity. Equity rewards the vigilant who is active in seeking relief, and not one who sleeps on his rights and is dilatory in seeking a remedy for his wrongs. Appellant has not entered a court of law or equity with diligence and a timely assertion of his rights.

The judgment will be affirmed.