## R. P. GLENN V. WALLACE STEELE ET AL.

Application No. 19,596. Decided May 26, 1933.
(61 S. W., 2d Series, 810.)

*Kirby, King & Overshiner* and *Frank E. Smith,* all of Abilene, for plaintiff in error.

*J. B. Lewright,* of San Antonio, and *Cunningham & Oliver,* of Abilene, for defendants in error.

PER CURIAM.

The facts and issues of this case are fully stated in the opinion of the Court of Civil Appeals, 57 S. W. (2d) 908.

The suit, which is based on fraud, was filed in the District Court of Taylor County, Texas, by Dr. R. P. Glenn against Wallace Steele and Delaware Punch Company of America, a corporation. Trial in the district court with a jury resulted in

a verdict and judgment for Dr. Glenn. On appeals the Court of Civil Appeals reversed this judgment and rendered judgment for the defendants. Dr. Glenn brings error.

■ We dismiss this application for want of jurisdiction (dismissed W. O. J.), by authority of Article 1728, R. C. S., 1925 as amended (Vernon's Ann. Civ. St. Article 1728), because we believe that the evidence shows a matter of law that the alleged fraud made the basis of the recovery herein sought by Dr. Glenn was discovered by him more than two years prior to the filing of this suit. In this condition of the record the Court of Civil Appeals was correct in reversing the judgment of the district court in favor of Dr. Glenn, and rendered judgment for Steele and Delaware Punch Company of America on their plea of two years' limitation.

■■ We do not believe there is any material confusion or conflict in the decisions of this court relating to when the period of limitation begins to run in fraud actions. The rule is that limitation beigns to run from the time of the discovery of the fraud, or from the time it might have been discovered by the use of reasonable diligence. Stated in another form, fraud will prevent the running of the statute of limitations until discovered, or by reasonable diligence might have been discovered. Knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of the fraud is in law a knowledge of the fraud. Tex. Jur. vol. 20, p. 112, sec. 75, and authorities there cited.