C. H. Ruebeck et al v. Michael S. Hunt et ux.

No. 8154. Decided December 8, 1943.
Rehearing overruled January 26, 1944.
(176 S. W. 2d Series, 738.)

*Bryan &Maxwell* and *Harris, Amsler & Amsler,* all of Waco, for petitioners.

It was error for the Court of Civil Appeals to hold that the plaintiffs (respondents in Supreme Court) were not barred as a matter of law by the revelant statutes of limitation. Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807; Connolly v. Hammond, 58 Texas 11; Bass v. James, 18 S. W. 336; Reynolds Holding Co. v. El Paso Elec. Co., 128 Texas 495, 100 S. W. (2d) 97.

*John F. Sheehy, Richey, Sheehy & Teeling,* all of Waco, and *Cecil R. Glass,* of Marlin, for respondents.

The jury having found that respondents (plaintiffs) were not guilty of negligence in failing to discover the fraud, such finding should not be disturbed, as the question of whether or not plaintiffs were guilty of such negligence is purely a question of fact, and where the evidence is sufficient to support it, such finding is conclusive. Whitehead v. Reiger, 6 S. W. (2d) 745; Burney v. Burney, 261 S. W. 182; Southern Surety Co. v. Sealy Ind. Sch. Dist., 10 S. W. (2d) 786.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was brought by respondents against petitioners and others, to recover damages resulting from alleged fraud and conspiracy in the performance of a building contract between respondents and H. A. Bruyere, the general contractor. Upon the verdict of the jury, judgment was entered for respondents and against petitioners and H. A. Bruyere. Bruyere did not

appeal, and the judgment became final as to him. The architect H. F. Cason, who was named a defendant, died before the trial, and was dismissed from the suit. Petitioners alone appealed. The Court of Civil Appeals affirmed the judgment of the trial court. 171 S. W. (2d) 895. This Court granted a writ of error on the question of limitation.

H. D. Bruyere, as general contractor, made a contract with Michael S. Hunt and wife to build a dwelling house in accordance with plans and specifications prepared by the architect, H. F. Cason. Bruyere subcontracted the roofing job to C. H. Ruebeck & Company, a partnership composed of C. H. Ruebeck and Edward L. Shelfer. The specifications provided that petitioners should cover the roof with slate shingles, to be laid over a two-ply fourteen pound asbestos felt; that the felt should cover the entire roof; and that the slate shingles should be laid with a weather exposure of $6\frac{1}{2}$ inches.

Respondents alleged that the defendants conspired to place upon the building a roof different from and of less value than that called for in the plans and specifications, for the purpose and with the intent of defrauding respondents; that petitioners did place an inferior roof thereon, using only one-ply asbestos felt, and laying the slate shingles with a weather exposure of from 7 to 10 inches; and that respondents, relying upon the integrity and honesty of the defendant to complete the building in accordance with the contract, were induced to accept the same to their damage.

Petitioners answered that respondents' cause of action was barred by the two and four years statutes of limitations, by reason of the fact that the roof was completed in 1929 and suit was filed June 22, 1940. By supplemental petition, and in defense of the plea of limitation, respondents alleged that the defects in the construction of the roof were concealed from them, and that they did not know of the fraud and defects in the roof, and could not by the exercise of reasonable diligence have discovered the same until the roof was removed in 1938.

The jury found that petitioners failed to cover the entire roof with two-ply fourteen pound asbestos felt and that the slate shingles were laid on the roof with a weather exposure of more than $6\frac{1}{2}$ inches, all for the purpose of defrauding respondents. It was also found that respondents did not discover, and in the exercise of ordinary care should not have discovered, on or before June 22, 1936, or June 22, 1938, that the entire roof had

not been covered with two-ply asbestos felt. There was evidence in the record that if the roof had been constructed in a good and workmanlike manner, and in accordance with the plans and specifications, it would have lasted from sixty to seventy years.

On the issue of limitation the evidence shows that respondents moved into the building in May, 1930, and occupied it as a home continuously thereafter until this suit was filed in 1940. The roof began to leak in the winter of 1930-1931, only slightly at first, but the condition continually grew worse, until it became necessary for respondents to have the roof taken off and replaced with a new one in the winter of 1938. When the leak first appeared, Hunt notified the architect and the general contractor. They went out to the house, and attempted to make repairs. As the leaks continued and grew worse, Hunt continued to notify Bruyere from time to time, and he went out to the house again and again to make repairs, but the leaks continued to grow worse. Respondents did not know that the felt and slate shingles were not laid in compliance with the specifications until the roof was removed in 1938. Hunt did not notify petitioners of the defects in the roof, because he did not know that they had put on the roof.

■ The issue of actionable fraud was sufficiently raised by the pleadings and the evidence, and the jury found that respondent did not discover such fraululent acts on or before June 22, 1936. It is the well-settled rule in this State that fraud prevents the running of the statute of limitation until it is discovered, or by the exercise of reasonable diligence it might have been discovered. Port Arthur Rice Milling Co. v. Beaumont Rice Mills, 105 Texas 514, 143 S. W. 926, 929; Sherman v. Sipper, 137 Texas 85, 152 S. W. (2d) 319, 137 A. L. R. 263, and cases there cited; 28 Tex. Jur. p. 153, sec. 68; 20 Tex. Jur., p. 112, sec. 75.

■ Knowledge of facts that would cause a reasonably prudent person to make inquiry, which if pursued would lead to a discovery of fraud, is in law equivalent to knowledge of the fraud. Glenn v. Steele, 141 Texas 565, 61 S. W. (2d) 810; Swink v. City of Dallas (Com. App.), 36 S. W. (2d) 222; Collins v. Griffith, 125 S. W. (2d) 419 (writ refused); Sherman v. Sipper, supra; 20 Tex. Jur., p. 113, sec. 75.

Petitioners contend that the evidence in this case shows that respondents were in possession of facts that would have caused a reasonably prudent person to make inquiry as to the cause of the leaks, which if pursued with due diligence would have

led them to a discovery of the fraud more than two or four years prior to the filing of suit. They cite as authorities: Sherman v. Siper, 137 Texas 85, 152 S. W. (2d) 319, 137 A. L. R. 263; Kuhlman v. Baker, 50 Texas 630, 636; Conolly v. Hammond, 58 Texas 11, 17; Bass v. James, 83 Texas 110, 18 S. W. 336. The facts in those cases are clearly distinguishable from the facts in this case. In the cited cases the facts that put the plaintiff on inquiry were not concealed from him. On the contrary, he was in possession of facts sufficient to put him on inquiry, which if pursued with reasonable diligence would have disclosed the mistake or fraud. In this case the respondents were not "in possession" of facts sufficient to constitute constructive notice that the leaks were caused by the fraud of defendants; and, as the jury found, respondents did not discover the fraud until the roof was removed, and by the use of ordinary diligence could not have discovered same earlier.

■ Ordinarily, what constitutes reasonable diligence to discover fraud is a question of fact for the jury. Whitehead v. Reiger (Com. App.), 6 S. W. (2d) 745; J. S. Curtis & Co. v. White, 90 S. W. (2d) 1095; Steele v. Glenn, 57 S. W. (2d) 908, (error dismissed), 141 Texas 565, 61 S. W. (2d) 810; Davidson v. Commercial National Bank of Brady, 59 S. W. (2d) 949; O'Laughlin v. Moran, 250 S. W. 774; Ray v. Barrington, 297 S. W. 781, citing many cases; 28 Tex. Jur., p. 301. sec. 207. Unless the evidence is such that reasonable minds may not differ as to its effect, the question as to whether a party has exercised diligence in discovering fraud is for the jury. 28 Tex. Jur., p. 301, sec. 207.

Hunt was an insurance man and a layman as to building construction. He testified that he was not familiar with the construction of roofs of any kind, and had never had any experience in such matters. The house was a two-story brick veneer building, and naturally the roof could not be inspected from the ground. Hunt never at any time went on top of the house to examine the roof, but left the matter of inspection and repairs entirely to Bruyere. Since Hunt was a layman, and testified that he knew nothing about slate roofing, the jury could well have believed that, even if he had gone on the roof to examine it he would not have known whether it was put on in compliance with the contract or not. In other words, the jury was justified in finding that Hunt was "not in possession" of facts that constituted constructive notice, or that would have caused a reasonably prudent person to make inquiry, which if pursued would have led to a discovery of the fraud.

■ What will constitute reasonable diligence to discover fraud and when the fraud might have been discovered by the exercise of such diligence are necessarily questions which must be determined from all the facts and circumstances in evidence in each particular case. When, under the facts in evidence, reasonable minds might differ on such issues, the findings of the jury thereon are binding on the appellate court. Ray v. Barrington, 297 S. W. 781; Stone v. Burns, 200 S. W. 1121, 1122; Smalley v. Voght, 166 S. W. 1, affirmed 210 S. W. 511; Isaacks v. Wright, 101 S. W. 970, 971.

The judgments of the trial court and Court of Civil Appeals are affirmed.

Opinion delivered December 8, 1943.

Rehearing overruled January 26, 1944.