## HINES v. WILSON et ux.

### No. 5723.

Court of Civil Appeals of Texas. Amarillo.

Nov. 4, 1946.

Rehearing Denied Dec. 2, 1946.

Roger Lewis and Albert Reagan, both of Dallas, for appellant.

J. J. Fagan, of Dallas, for appellees.

BOYCE, Justice.

The appellant Burlena Hines, as plaintiff, sued appellees Harry Wilson and wife to set aside a trustee's deed and a judgment in trespass to try title, by which Andrew Stevenson obtained title to a certain lot in Dallas County. On a pretrial hearing, exceptions to the effect that appellant's suit was barred by the Four Year Statute of Limitation set out in Article 5529 of Vernon's Texas Civil Statutes, were sustained and the suit was dismissed.

Appellant presents but one point of error. It is that the trial court erred in sustaining the plea of limitation because appellant's petition showed fraud on the part of appellees sufficient to toll the Statute of Limitations and sufficient to estop appellees from availing themselves of the Statute.

■ Appellant takes the position that the allegations in her bill of review are to be considered true for all purposes. This is incorrect to the extent that the allegations are inconsistent with or contradictory to the record in the original suit. Dixon v. McNabb, Tex.Civ.App., 173 S.W. 2d 228, 229, writ of error refused; Devereaux v. Daube, Tex.Civ.App., 185 S.W. 2d 211, 218. In our statement of the material contents of appellant's petition, we shall point out the instances in which it is inconsistent with the record in the original suit. The substance of her allegations is:

The appellant is an aged, childless negro widow, untrained in business matters and ignorant of court procedure. She and her husband bought the lot in controversy in 1923 and she lived thereon until March 23, 1945, when she was evicted by appellees. After her husband's death, she borrowed some money from Andrew Stevenson, giving a deed of trust lien on the lot to secure its payment. The debt to Andrew Stevenson was paid but subsequent to the payment Andrew Stevenson caused the lot to be sold at a trustee's sale foreclosing the deed of trust. The trustee's sale occurred on March 4, 1939, and less than a year thereafter Andrew Stevenson filed a trespass to try title suit in the 101st District Court of Dallas County against Burlena Hines for the title and possession of the property here involved. Although the appellant alleges here that she did not know of the trustee's sale until evicted in 1945, she is charged with notice of the sale by virtue of the petition in the trespass to try title suit, in which Stevenson alleged that he held title to the property by virtue of the trustee's deed. Appellant does not allege that she appeared in the trespass to try title suit but the record in that case shows that she filed an answer consisting of a general demurrer, a general denial and a plea of not guilty and demanded a jury. Continuing with appellant's petition in this suit, she alleged that she had no attorney, was too poor to employ one and was not present when the Stevenson suit was tried. She was absent from the trial because the appellees, from whom she had on occasions borrowed money and whose advice she sought, told her many times that she did not need an attorney, that she need not be present in court, that they would take care of her interests in the case as her friends, and that she would suffer no "consequences therefrom." Appellant relied on these statements and recommendations of the appellees, which fraudulently prevented her from attending court and defending the suit. She further alleges in this connection that the appellees are experienced, trained and educated in business matters of this kind. She did not know that judgment had been taken against her until after she was evicted in March, 1945. Then she learned that the judgment had been entered on February 5, 1940, and that on March 29, 1940, Andrew Stevenson had conveyed the property to appellees. A copy of the conveyance from Stevenson, attached to appellees' answer, shows that the judgment is recited and only "any and all right, title and claim" which he had by virtue of being the owner of the judgment were conveyed. The appellant filed her suit in this case on March 28, 1945.

■ We shall first dispose of the trustee's sale. Appellant is charged with knowledge of it and limitations as to it began to run, at the latest, when she filed her answer in the Stevenson suit. But under her allegations that the debt secured

by the deed of trust had been paid prior to the sale, the sale was void as between her and Stevenson and the trustee's deed did not render the Four Year Statute operative. Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671, 673.

Stevenson, under the allegations of appellant's petition, had no title until he recovered judgment in the trespass to try title suit. He sold that title to appellees. We do not decide what effect their statements to appellant had on the judgment while it was owned by Stevenson. It is our opinion, however, that when they acquired whatever title Stevenson had by virtue of the judgment that title was burdened, as between them and appellant, with the effects of their statements to appellant that they would protect her interests in the suit. If these statements were of such a nature as to prevent appellant from defending the suit without any fault or negligence on her part, then the appellees must suffer the consequences. Smith v. Ferrell, Tex.Com.App., 44 S.W. 2d 962, 963; Smith v. Lockhart, Tex.Civ. App., 177 S.W.2d 117, 119. Appellees contend, however, that a direct attack in equity upon a judgment is subject to the bar of the Four Year Statute of Limitations as embodied in Article 5529 of Vernon's Texas Civil Statutes, and cite Litton v. Waters, Tex.Civ.App., 161 S.W.2d 1095, 1096, writ of error refused, and other authorities to the same effect. With this general statement, we have no quarrel. The point at issue, however, is the time of the commencement of the running of the Statute. Limitation does not begin to run in a case of fraud until the fraud is known, or could have been discovered in the exercise of reasonable diligence, by the injured party. What will constitute reasonable diligence to discover fraud and when the same might have been discovered by the exercise of such diligence must be determined from the facts and circumstances of each case. Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738, 740, 150 A.L.R. 775; Ray v. Barrington, Tex.Civ. App., 297 S.W. 781, 785.

Appellant knew that appellees were experienced in business matters and they advised her as friends. They were not her adversaries in the suit brought by Stevenson and she was justified in being less suspicious of statements made by them than she would have been of similar statements made by Stevenson. Her petition does not show any facts which should have excited her suspicion. She continued to live on the property, using and occupying it as her home without any attempt being made to dispossess her. Under the allegations of her petition, as between her and appellees, we cannot say as a matter of law that she failed to exercise reasonable diligence to discover the entry of the judgment and the appellees' claim thereunder. Appellees, having induced the appellant not to defend the suit brought by Stevenson, cannot be heard to say that she was negligent in trusting them. Caplen v. Cox, 42 Tex.Civ.App. 297, 92 S.W. 1048, 1051, writ of error refused; Pomeroy's Equity Jurisprudence, Vol. 4, Sec. 891, page 1846.

The judgment of the trial court is, therefore, reversed and the cause remanded for trial.