**SMITH et al. v. SOUTHERN PINE LUMBER CO. et al.**

No. 12558.

Court of Civil Appeals of Texas. Galveston.

March 26, 1953.

Joe J. Newman, of Groveton, and C. C. Chessher, of Texarkana, for appellants.

R. E. Minton, Collins, Garrison, Renfrow & Zeleskey, James R. Cornelius, Jr., all of Lufkin, for appellees.

GRAVES, Justice.

"Appellees, as plaintiffs, on May 19, 1944, brought a trespass-to-try-title suit against appellants in the 12th Judicial District Court of Trinity County, and judgment for plaintiffs was rendered therein, November 6, 1944. Appellants, as plaintiffs, brought this suit in the same Trial Court October 18, 1952, seeking to set aside that former judgment. Appellees, as defendants, filed with their answer, six special exceptions to appellants' petition in the Trial Court, in this latter suit.

"The Trial Court sustained four of appellees' exceptions to appellants' petition, and, upon appellants' refusal to amend, rendered judgment dismissing the cause, from which appellants have appealed."

The quoted statement of the nature and result of this suit below, perforce, makes plain that the only question of law upon this appeal is whether or not the trial court erred in so dismissing the appellants' suit.

The four exceptions it sustained, with that result, were to the effect that this suit to set aside the judgment in their former suit against the same parties having been so filed after a lapse between the two of seven years and eleven months, was barred both by the four-year statute of limitations, Vernon's Ann.Civ.St. art. 5529, and by the equitable doctrine of laches and stale demand, as applied in such cases as Callahan v. Giles, 137 Tex. 571, 155 S.W.2d 793; McCauley v. Northern Texas Traction Co., Tex.Civ.App., 21 S.W. 2d 309, writ of error dismissed; Potka v. Potka, Tex.Civ.App., 205 S.W.2d 51; Huggins v. Johnston, 120 Tex. 21, 35 S.W.2d 688; and Goad v. Lotz, Tex.Civ.App., 35 S.W.2d 477, writ dismissed.

Further, that they had failed to allege facts showing that they had had any valid defense against the former judgment they had so belatedly attacked, within the meaning of such Texas authorities as Sembera v. Usener, Tex.Civ.App., 295 S.W. 200; and Ferguson v. Ferguson, Tex.Civ.App., 98 S.W.2d 847. This Court is unable to hold that there was any reversible error in the trial court's action. The appellants, in support of their appeal, urge, as their main contention, that they had alleged in this suit that the original judgment so belatedly complained of, had been procured by fraud and collusion against them, and without their knowledge at the time, that is, on November 6, 1944, they having first learned of it on or about the 9th day of August, 1952.

There is nothing else in the appellants' defense to the stated effect that the original judgment had been procured against them by fraud, other than that they had, as recited, not known of it until the lapse of more than seven years thereafter. But, as our Supreme Court recently held in Ruebeck v. Hunt, 142 Tex. 167, 176 S.W. 2d 738, 150 A.L.R. 775, that is not the whole of the rule appellants so rely upon,

the balance of it being thus stated by our Supreme Court in Glenn v. Steele, 61 S.W. 2d 810: " * * * Knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to a discovery of the fraud is in law a knowledge of the fraud. * * *"

As indicated, appellants made no attempt by their pleadings to meet this last-stated element of their defense of fraud they so relied upon; wherefore, the trial court's judgment may not be set aside because of appellants' naked allegation that fraud had so been practiced upon them; whereas, they made no attempt to allege that they did not know facts which would have caused a reasonably prudent person to make an inquiry about the matter, which, if pursued, would have lead to a discovery of the fraud. Ruebeck v. Hunt, supra.

Other questions than those thus specifically determined by one or the other of the parties that had been discussed in their briefs need not be specifically disposed of, since the holding made determines that the trial court's judgment was correct, anyway. An affirmance will accordingly be ordered.

Affirmed.