PERMIAN BASIN LIFE INSURANCE
COMPANY, Appellant,

v.

Louis POLASEK, Appellee.

No. 144.

Court of Civil Appeals of Texas.

Corpus Christi.

June 16, 1966.

**884**

Raymond D. Wier, Odessa, for appellant.

Fred C. Auforth, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial in favor of appellee, plaintiff below, against appellant, defendant below, in the amount of $4700.00, representing actual damages of $1200.00 and exemplary damages of $3500.00, based upon fraud committed by appellant in the sale of two of appellant's Advisory Board Investment Certificates, each in the face amount of $600.-00.

Appellee's recovery was based upon two separate false representations made by appellant's agent in the year 1955 to the effect (1) that the face value of the certificates could be recovered by their surrender to appellant at any time after five years from their date of purchase, and (2) that appellee was one of the soundest small insurance companies in the state. Special Issues 1–6 related to the first representation and issues 7–12 to the second. In each instance the jury found that the representation was made, was false, was made to induce appellee to purchase, appellee relied on the truth of it, appellee would not have purchased but for the representation and his reliance thereon, and he had a right to rely on it. The jury also found that appellee first knew and should have known the method and manner of repayment of the

two certificates on July 18, 1960 (issues 13, 14, 15 and 16); that appellee's actual damages amounted to $1200.00 (issue 17); that the representations were made with malice (issue 18); and that appellee was entitled to exemplary damages in the amount of $3500.00 (issue 19).

By thirteen points, appellant asserts in substance that the trial court erred as follows: In failing to hold that appellee's cause of action was barred by the two-year statute of limitations (point 1), and by the four-year statute (point 2); in submitting special issue 7 inquiring whether appellant's agent represented to appellee that appellant was one of the soundest small insurance companies in the State (point 3), and in refusing to disregard the answer to it (point 4); in disregarding, if it did, the jury findings on special issues 13, 14, 15 and 16 (point 5); in failing to submit certain special issue requested by appellant (points 6, 11 and 12); in submitting special issue 17, the actual damage issue (point 7), and in refusing to disregard the answer to it (point 8); in submitting special issue 19, the exemplary damage issue (point 9), and in refusing to disregard the answer to it (point 10); and in refusing to render judgment for appellant based upon waiver, ratification, confirmation and estoppel (point 13).

We have concluded that we must sustain appellant's point one to the extent that appellee's cause of action established by the jury answers to special issues 1–6 is barred by limitation; that affirmance of the judgment cannot properly be based upon the remaining findings of the jury; that judgment should not be rendered in favor of appellee; and that reversal and remand should be ordered.

■■■ A cause of action based upon damages for fraud of the kind involved here is governed by the two-year statute of limitations. Art. 5526, Vernon's Ann. Civ.St. It is the well settled rule in this State that fraud prevents the running of the statute of limitations until it is dis-

covered, or by the exercise of reasonable diligence could have been discovered; and that knowledge of facts that would cause a reasonably prudent person to make inquiry, which if pursued would lead to a discovery of fraud, is in law equivalent to knowledge of the fraud. Wise v. Anderson, 163 Tex. 608, 359 S.W.2d 876 (1962); Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738, 150 A.L.R. 775 (1944); Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757 (1940); Glenn v. Steele, 141 Tex. 565, 61 S.W.2d 810 (1933); Jenkins v. Kimbro, 380 S.W.2d 189 (Tex.Civ.App.1964, wr. dism.); Lacy v. Carson Manor Hotel, 297 S.W.2d 367 (Tex.Civ.App.1956, wr. ref., n. r. e.).

■ In our case the false representation by appellant's agent that the face value of the certificates could be recovered at any time after five years from date of purchase was made in June, 1955. The jury found both that appellee first knew and should have known the manner and method of repayment of the certificates on July 18, 1960. Those findings were largely based upon evidence that a letter written on that date by an attorney for appellant, in reply to one written by appellee, specifically referred appellee to the place in the certificates where the payment provision was set out. A very careful reading of all provisions of the certificates discloses that their face value was not recoverable at any time after five years, but, on the other hand, payment was dependent upon the accumulation of a "special surplus fund account" for that purpose. That fund was never accumulated, and it ultimately appeared that appellant was losing money at all material times. We need not decide whether appellee should have discovered the fraud perpetrated on him prior to July 18, 1960, because it appears, in any event, that on or about that date he was charged with knowledge of facts which if pursued would have lead to discovery of the fraud committed in 1955. Under the jury findings on special issues 13, 14, 15 and 16, appellee's cause of action for fraud concerning the method and manner of repayment of the certificates was clearly barred by the two-year statute of limitations. The trial court refused to sustain appellee's motion to disregard such findings and, instead, erroneously rendered judgment on the verdict in favor of appellee.

■ Appellee argues, in effect, that even if his cause of action established by the jury answers to special issues 1–6 is barred by limitation, nevertheless, that the judgment should be affirmed against appellant based upon the other false representation that appellee was one of the soundest small insurance companies in the State, established by the findings on special issues 7–12. Here appellee says that the evidence conclusively established that he did not discover the falsity of that representation and could not have discovered it by the exercise of reasonable diligence until shortly before he filed suit and that his cause of action based upon it is not barred by limitation. Appellant, on the other hand, says that the evidence was such that reasonable minds could differ on those issues, and, since the alleged fraud relied upon was committed in 1955, the burden was upon appellee to secure jury findings that he did not discover the fraud or by the exercise of reasonable diligence could not have discovered it until less than two years before suit was filed. The evidence strongly supports appellee's position that he did not actually discover the falsity of the representation that appellee was one of the soundest small insurance companies in the State until February 15, 1964, and he filed suit on March 26, 1964. However, we cannot say that the evidence conclusively established that issue in appellee's favor or that he could not have discovered the fraud by the exercise of reasonable diligence more than two years prior to filing suit. Ordinarily, what constitutes reasonable diligence to discover fraud is a question of fact for the jury. Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738, 150 A.L.R. 775 (1944). It appears here that appellee was charged with knowledge on or about July 18, 1960 that

appellant had made at least one false representation to him concerning the method and manner of repayment of the certificates. Under all the evidence, it appears that the ultimate fact issues relating to appellant's plea of limitation, asserted also in connection with the representation and cause of action established by the jury answers to special issues 7–12, were for the jury.

 In addition, even if we accept the premise that because appellee established liability on the last-mentioned cause of action and that it was not barred by limitation, we cannot affirm the judgment because of the manner in which the damage issues were submitted. Both damage issues were related to all of the false representations inquired about in the preceding issues. Special issue 17, the actual damage issue, inquired concerning "damages, if any, sustained as a direct result of the defendant's representations, if any you have so found." Special issue 18 inquired whether "the representations, if any you have so found, made by the defendant to plaintiff were made with 'Malice' ", as that term was defined in the charge, and the answer to that issue referred to "such representations". Special issue 19 referred to "wilful misrepresentations, if any you have found." It thus appears that we are considering a situation in which the damages found by the jury cannot be said to wholly rest upon appellee's cause of action established by the jury answers to special issues 7–12, relating to the false representation that appellee was one of the soundest small insurance companies in the State. Instead, it appears that the answers to the damage issues were based as well upon the other false representation relating to the method and manner and repayment of the certificates, which cause of action was barred by limitation. The trial court refused to disregard any of the jury findings and rendered judgment upon the entire verdict. We are, therefore, unable to affirm the judgment on the basis suggested by appellee.

 Since the judgment must be reversed for the reasons stated, we deem it unnecessary to discuss appellant's remaining points in detail. None of them present reversible error, and, if they did, would not require that judgment be rendered for appellant. We are here dealing with an erroneous judgment, not one which is errorless. It appears in any event that this is a proper case for remand in the interest of justice. Rule 434, Texas Rules of Civil Procedure. Dahlberg v. Holden, 150 Tex. 179, 238 S.W.2d 699.

The judgment of the trial court will be reversed and the cause remanded for new trial.