James **L. DANNHEIM** et al., Appellants,

v.

Ruth Vivian **MANGUM,** Appellee.

No. 7477.

Court of Civil Appeals of Texas, Beaumont.

July 19, 1973.

Robert N. Hinton, Jr., Houston, for appellants.

Clayton Malone, E. L. McClendon, Jr., County Atty., Livingston, for appellee.

STEPHENSON, Justice.

This is an action for damages for fraud arising out of a land transaction. Judgment was rendered for defendant upon a jury finding that plaintiffs' cause of action was barred by the two year statute of limitations. The parties will be referred to here as they were in the trial court, or by name.

Plaintiffs, James L. Dannheim and Derrill G. Whitten, and defendant, Ruth Vivian Mangum, together with E. M. Burchfield (not a party to this suit), jointly purchased an 80-acre tract of land in Polk County close to Lake Livingston. The deed from Jesse Tolly and wife, dated June 10, 1969, conveyed a twenty-five percent interest to each plaintiff, fourteen percent interest to Burchfield, and thirty-six percent interest to Barney Wiggins, who was defendant's brother, but who is now deceased. A corporation, Lakeland Properties, Inc., was chartered in March 1970, and each of the parties received the same percentage of stock as shown above, except the thirty-six percent of the stock was issued to defendant, and her brother Barney Wiggins was not mentioned. This corporation received all of the assets jointly owned by the individuals in the original tract of land and in the profits therefrom. The record shows each plaintiff put $12,500 into this transaction, and Burchfield put $7,000. Plaintiffs' theory of the case is that defendant told them she conveyed timber worth $18,000 to the Tollys in a separate transaction as her contribution to this project. This land was subdivided and sold and the transaction admittedly was profitable for all concerned.

The fraud complained of, and found by the jury, was the false representation by defendant to plaintiffs that the purchase price of such tract of land was $50,000 when in truth and in fact it was $32,000. The jury also found all of the essential elements to support a cause of action for fraud. However, the jury found that plaintiffs possessed such knowledge prior to December 31, 1969 (more than two years before this suit was filed) as would have incited an inquiry in the mind of an ordinary prudent person to ascertain the actual purchase price, and that the misrep-

resentation could have been discovered by the exercise of reasonable diligence.

■ Plaintiffs' first point of error is that there is no evidence to support the jury finding as to knowledge that would have incited an inquiry. We consider this point by looking only to the evidence supporting such finding.

The strongest evidence supporting this jury finding is the admission by plaintiffs that, at the time this land was purchased (June 10, 1969), they were aware that the consideration was shown in the deed to them to be $32,000 and the amount of the owner's title insurance policy issued to them was $32,000. Even though both of them gave an explanation as to why that amount of consideration was shown, this court is not permitted to consider such explanations in passing upon this "no evidence" point.

Plaintiff Dannheim testified that within six months from the date of purchasing the property several items occurred which caused him to question the validity of the representation made by defendant. Those occurrences involved the reimbursement to defendant by checks for money allegedly spent by her in cash on the property. Plaintiff Whitten testified that he became concerned about the representation as he came to know defendant better. Such concern arose either in December 1969, or sometime in the next year. He also testified about the checks drawn by defendant in November 1969.

All of the foregoing evidence supports the jury finding. The point of error is overruled.

■ Plaintiffs' second point of error is that the trial court erred in submitting the special issue which asked whether or not plaintiffs could have discovered the misrepresentation by the exercise of reasonable diligence. It is argued that such issue, together with the issue discussed in the first point of error, constitutes a double submis-sion, or a submission of a shade of the other issue. It is urged that such a submission unfairly and prejudicially placed multiple emphasis upon the defensive issues. This point is overruled.

The law is clear in this state that fraud prevents the running of the statute of limitations until it is discovered, or by the exercise of reasonable diligence it might have been discovered. The evidence in our record shows that plaintiff Dannheim discovered the alleged fraud in a telephone conversation with Jesse Tolly in March of 1972. That is the only evidence as to actual discovery. Therefore, in order to have the statute of limitations available as a defense, defendant had to plead, prove, and secure jury findings that plaintiffs were in possession of facts that would have caused a reasonably prudent person to make inquiry which, if pursued with due diligence, would have led to a discovery of the fraud more than two years before the filing of the suit. Both special issues submitted in the case before us were necessary in order to complete this defense. The case was properly submitted. Ruebeck v. Hunt, 142 Tex. 167, 176 S.W.2d 738 (1943).

■ Plaintiffs' third and last point of error is that there is no evidence to support the jury's failure to find that defendant made additional representations to plaintiffs after June 10, 1969, as to the purchase price of the land. Once again, in passing upon this no evidence point, we consider only the evidence favorable to the answer given by the jury.

Defendant consistently denied throughout her testimony that she ever told plaintiffs that the purchase price was $50,000. Her testimony supports the jury finding that no such representation was made after June 10, 1969. Burchfield testified that he was present when the parties to this suit made their bargain, and he heard nothing about the purchase price being $50,000. As stated above, we are not permitted to con-

sider the testimony given by plaintiffs that defendant continued to make such representation throughout their business relationship. This point of error is overruled.

Affirmed.