William ANDRESS, et al., Appellants,

v.

Steven G. CONDOS, Appellee.

No. 2–83–211–CV.

Court of Appeals of Texas,
Fort Worth.

June 7, 1984.

Wm. Andress, Jr. (on appeal only), Dallas, for appellants.

Steven G. Condos (on appeal only), Dallas, for appellee.

Before FENDER, C.J., and HUGHES and JOE SPURLOCK, II, JJ.

## OPINION

FENDER, Chief Justice.

This suit was instituted by three former law partners against a fourth partner to obtain an accounting and to divide the proceeds of a legal fee allegedly earned by the fourth partner during the existence of the partnership. The three former partners claimed in their petition that the fourth partner acted fraudulently by secretly collecting the fee and failing to divide it among the members of the firm as required by the partnership agreement. From a summary judgment granted in favor of the fourth partner, the other partners appeal.

We affirm.

In October 1964, the appellants, William Andress, Jr., Cecil Woodgate, and William L. Richards, and the appellee, Steven G. Condos, entered into a partnership for the purpose of practicing law. Pursuant to the terms of the partnership agreement, all matters originating and pending prior to the effective date of the agreement, April 1, 1964, belonged to each individual partner who was entitled to the entire fee. All matters originating after that date, however, were to be treated as firm business. The agreement further provided that Condos was to be entitled to a 10 percent share of the firm's fees, and the other three partners were each to be entitled to a 30 percent share.

Apparently because of a conflict with some of the members of the firm, Condos withdrew from the partnership in 1968. The appellants then requested an accounting from Condos regarding legal work performed by him for which the firm had not been paid. Appellant William Andress testified in his deposition that at the time, the remaining partners became suspicious of Condos' conduct regarding accounting for his fees. According to Andress, the firm conducted an investigation of Condos' billing practices and the firm's records which revealed that there were numerous fees for which Condos had not accounted. The appellants then made several more requests

for an accounting of these fees; however, Condos failed to respond. Appellants finally notified Condos that because of his failure to account, they no longer felt obligated to account to him regarding files retained by them in which he had an interest.

Some years after Condos' departure, the other partners separated and dissolved the firm. Appellant Andress continued to practice law in Dallas as William Andress and Associates, P.C. In February 1980, Dot Dixon, Andress' secretary, began closing out some of the files which had been left over from the old firm of Andress, Woodgate, Richards, and Condos. While closing out these files, Dixon discovered some old "docket card" records which she had made and kept for each of the old firm's cases. Each docket card showed the name of the client involved in the case and the attorney who was handling the matter.

Several of the docket cards which Dixon found referred to the guardianship proceedings of a Vernell Keller and her children, a matter which had been handled by Condos while he was associated with the firm. According to Andress' deposition, Dixon recalled that the Kellers had owned a piece of property in north Dallas. She suggested that Andress check the deed records in order to discover whether Condos had received any portion of the property as payment for his legal services to the Kellers. Andress did check the deed records and discovered that in February 1966, Vernell Keller conveyed to Condos an undivided $\frac{2}{5}$ interest of a $\frac{1}{5}$ undivided interest in a .93-acre tract of land located in north Dallas. Andress also found that in February 1974, three of Vernell Keller's children each conveyed to Condos an undivided $\frac{2}{5}$ of their undivided $\frac{1}{5}$ interest in the same property. Immediately thereafter, Condos, Vernell Keller, and the children all conveyed their interest in the property to Farm and Home Savings Association.

In July 1980, after Andress' discovery of this information in the deed records, appellants Andress, Woodgate, and Richards filed suit against Condos. The appellants contended in their petition that Condos'

representation of the Kellers originated after the effective date of the partnership agreement and was a partnership matter for which Condos was required to account. The appellants further alleged that Condos received $76,101 for his interest in the Keller property, that such amount was a fee earned by him for legal services as a partner in the firm, and that he acted fraudulently in failing to disclose the receipt of such fee to his former partners. Since the partnership agreement provided that Condos was entitled to only a 10 percent share of the partnership fees, the appellants demanded in their petition that they be awarded 90 percent of the $76,101.

Condos responded by denying each of the allegations contained in the petition. He then moved for summary judgment, asserting that the action was barred by the four-year statute of limitations, TEX.REV.CIV. STAT.ANN. art. 5527 (Vernon Supp.1984). Article 5527 provides in pertinent part:

> There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:
>
> . . . .
>
> 3. Actions by one partner against his co-partner for a settlement of the partnership accounts . . .; and the cause of action shall be considered as having accrued on a cessation of the dealings in which they were interested together.

After a hearing, the trial court sustained Condos' summary judgment motion and ordered the cause of action dismissed. *See* TEX.R.CIV.P. 166–A.

The appellants allege four points of error which will be set out as they are addressed in this opinion. In their second point of error, the appellants argue that the trial court erred in entering summary judgment on the basis of the four-year statute of limitations. They contend that when there is a fiduciary relationship between parties as partners and one party has defrauded the others, the statute of limitations begins to run only when the fraud is actually discovered. Since the appellants did not

discover Condos' alleged fraud until a search of the deed records in 1980, they contend that the statute of limitations did not begin to run until that time. We disagree.

■ It is well settled that fraud prevents the running of the statute of limitations until it is discovered, or by the exercise of reasonable diligence it should have been discovered. *Bush v. Stone*, 500 S.W.2d 885 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.). When there is a fiduciary relationship between the parties, however, diligence on the part of the defrauded party does not require as prompt or as searching an inquiry into the conduct of the other party as when the parties were strangers or were dealing at arm's length. *Eastman v. Biggers*, 434 S.W.2d 439 (Tex. Civ.App.—Dallas 1968, no writ). This is so because by entering into fiduciary relations, the parties consent as a matter of law to have their conduct measured by standards of finer loyalty as exacted by equity courts. *Courseview, Inc. v. Phillips Petroleum Co.*, 158 Tex. 397, 312 S.W.2d 197 (1958).

■ The fact that parties are fiduciaries does not, however, change the rule that diligence is required in discovering the fraud. Rather, the fiduciary relationship is merely one of the circumstances to be considered in determining whether fraud might have been discovered by the exercise of reasonable diligence. *Bush, supra* at 891. Such a relationship is an evidentiary matter bearing on the issue of whether the defrauded party acted as would a person of ordinary prudence in discovering the fraud. *Field Measurement Serv., Inc. v. Ives*, 609 S.W.2d 615 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). The existence of a fiduciary relationship thus does not justify a party's failure to take any precautions to protect against fraud. *Eastman, supra* at 442.

■ We hold, therefore, that the fact that the appellants and Condos were involved in a fiduciary relationship did not as a matter of law toll the running of the four-year statute of limitations until the fraud was actually discovered. Although the existence of the fiduciary relationship *reduced* the degree of diligence with which the appellants were required to act in discovering fraud, it did not eliminate the requirement of diligence. Thus, in order to toll the statute of limitations until the time of discovery, the appellants were required to act with the degree of diligence expected of a reasonably prudent fiduciary in attempting to discover fraud. They could not merely rely on the existence of the fiduciary relationship to toll the statute until such time as the fraud was actually discovered. Therefore, the trial court did not err in refusing to find that, as a matter of law, the statute of limitations was tolled until the appellants received actual notice of the fraud. Point of error two is overruled.

The appellants next contend in their first, third, and fourth points of error that even if the four-year statute of limitations was not tolled *as a matter of law* until they received actual notice of the fraud, it was tolled until the receipt of actual notice *because they acted with due diligence in attempting to discover the fraud* and could not have discovered it earlier. The appellants claim that they alleged sufficient facts to raise a fact question for the jury regarding whether they exercised such diligence. Thus, they argue that the trial court erred in granting summary judgment because there was a genuine issue as to a material fact, and Condos was not entitled to a judgment as a matter of law.

Before we review the evidence to determine if appellants did raise a genuine issue as to whether they exercised due diligence in attempting to discover the alleged fraud, we must address appellant's fourth point of error which presents a somewhat related issue. This point of error states:

> Recording of the subsequent deeds or probate instruments lying outside the [appellants'] chain of title imports no notice to them.

Although their argument is somewhat unclear, the appellants are apparently con-

tending that they could never be charged with notice of the deeds from Keller to Condos, because these deeds were not within the chain of title of any property owned by the appellants. The appellants claim, therefore, that they were under no obligation to exercise any degree of diligence to search the deed records for the purpose of discovering the existence of the deeds. We cannot agree.

■ The law is well-settled that a purchaser of property is not charged with notice of deeds involving the same property which are recorded outside of his chain of title, and he may therefore be classified as a bona fide purchaser for value regardless of the existence of such deeds. *Swanson v. Grassedonio*, 647 S.W.2d 716 (Tex.App.—Corpus Christi 1982, no writ). This rule is inapplicable to the instant case, however, because the appellants are not claiming title to the Keller property under a deed or deeds different from the deeds conveyed to Condos. Rather, they are merely contending that Condos accepted the deeds from the Kellers as payment for legal services, sold the property, and failed to pay the firm its share of the proceeds. Appellants' apparent contention that they were under no duty to search the deed records is without merit. Point of error four is overruled.

■ Having thus decided appellants' fourth point of error, we must now determine whether the trial court erred in granting summary judgment on grounds that the appellants did not allege sufficient facts to show that they exercised diligence in attempting to discover the alleged fraud. Ordinarily, the question of whether a party exercised such diligence is a fact issue for the jury. *Ruebeck v. Hunt*, 142 Tex. 167, 176 S.W.2d 738 (1943). If from the facts alleged, however, the trial court can say that as a matter of law a plaintiff could have discovered fraud by the exercise of reasonable diligence more than four years before his suit was filed, then there is no genuine issue of material fact and the other party is entitled to summary judgment pursuant to the four-year statute. *See Bush v. Stone, supra* at 889. In deciding whether there is a genuine material fact issue precluding summary judgment, evidence favorable to the nonmoving party must be taken as true, and every reasonable inference must be indulged in favor of that party. *Wilcox v. St. Mary's University of San Antonio, Inc., et al.*, 531 S.W.2d 589 (Tex.1975).

■ Applying these principles to the case at bar, we find that as a matter of law, the appellants failed to exercise the degree of diligence expected of a reasonably prudent fiduciary in attempting to discover the alleged fraud. First, it is obvious from Andress' testimony that at the time Condos left the firm in 1968, the appellants were on notice that Condos might be defrauding them by failing to account for all of his fees. The fact that the appellants were distrustful of Condos and were investigating his files demonstrates that they were well aware of potential wrongdoing on Condos' part.

Secondly, when Condos left the firm in 1968, the appellants had all of the information in their files which they needed in order to discover the alleged fraud. The appellants had both the docket cards on the Keller file and the Keller file itself, and, using this information, they could have as easily checked the deed records in 1968 as in 1980. Although the conveyances from the Keller children to Condos and from Condos and the Kellers to Farm and Home would not have appeared in the deed records in 1968, the original conveyance from Vernell Keller to Condos would have been in the records. Had the appellants searched the deed records in 1968, they would thus have determined that Condos had accepted a deed as payment for legal services and had failed to disclose this fact.

Finally, the appellants have failed to provide an adequate explanation for their failure to check the Keller file during their 1968 investigation. Andress testified in his deposition that he was unsure why no one in the firm checked the file, but presumed it was because Condos had said there were no fees available in the case. In view of the fact that the appellants were distrust-

ful of Condos and were investigating many of his files, the appellants' fiduciary relationship with Condos did not justify their failure to verify any explanation Condos might have given as to why he did not account for fees on the Keller file. Points of error one and three are overruled.

In conclusion, we hold that the trial court properly determined as a matter of law that the appellants could have discovered the alleged Condos fraud more than four years before the filing of this action. Therefore, the appellants' cause of action is barred by Article 5527, the four-year statute of limitations.

The judgment is affirmed.