Rashti v. GS Roofing

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-250-CV

JEANETTE AUGUSTA RASHTI APPELLANT

D/B/A J.A.R. ASSOCIATES

V.

GS ROOFING PRODUCTS, INC. APPELLEE

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jeanette Augusta Rashti, d/b/a J.A.R. Associates (“Rashti”), appeals from an order granting summary judgment in favor of GS Roofing Products, Inc. (“GS Roofing”) on all of her claims against GS Roofing.  We will affirm. 

Rashti contracted with GS Roofing to replace roofing on Rashti’s shopping center on September 7, 1995.  Installation of the new roofing was completed on October 27, 1995.  Immediately after the roof was replaced, Rashti was informed by her tenants that the roof was leaking.  Rashti notified the contractor and the subcontractor, and several attempted repairs were made to stop the leaking.  

Rashti filed suit against GS Roofing on September 18, 2000, approximately five years after Rashti first learned from her tenants that the roof was leaking.  GS Roofing moved for summary judgment on the ground that Rashti’s claims are barred by the two- and four-year statutes of limitations, and the trial court granted the motion.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 16.003(a) (Vernon 2002); 
Tex. Bus. & Com. Code Ann.
 § 2.725(a) (Vernon 1994). 

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Id
.

Because the trial court did not specify the basis for its decision, we must affirm the summary judgment if any of the movant’s theories are meritorious.
  Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995).  A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.  
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999).  To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood,
 924 S.W.2d 120, 121 (Tex. 1996).  When a defendant seeks summary judgment based on the statute of limitations, it must prove when the cause of action accrued and must negate the applicability of the discovery rule if pled by the nonmovant.  
Burns v. Thomas
, 786 S.W.2d 266, 267 (Tex. 1990).

Rashti does not dispute that she knew the roof leaked more than four years before she filed suit.  She contends, however, that the trial court erred in refusing to apply the discovery rule to her claims because she did not have knowledge of the specific condition that caused the roof to leak.

The discovery rule exception operates to defer accrual of a cause of action until the plaintiff knows, or by exercising reasonable diligence should know, of the facts giving rise to the claim.  
Wagner & Brown, Ltd. v. Horwood
, 58 S.W.3d 732, 734 (Tex. 2001).  It is “a very limited exception to statutes of limitations,” which should only be used when the nature of the plaintiff’s injury is both inherently undiscoverable and objectively verifiable.  
Id
.  An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence.  
Id
. at 734-35.  
All that is required to commence the running of the limitations period is the discovery of an injury and its general cause, not the exact cause in fact and the specific parties responsible.  
See Russell v. Ingersoll-Rand Co.
, 841 S.W.2d 343, 344 n.3 (Tex. 1992).

In her answers to GS Roofing’s interrogatories, Rashti stated that the roof leaked “from the very start of installation” in 1995.  Immediately after the new roof was installed, Rashti’s tenants complained to her that they were still having leaks, and attempted repairs were made to stop the leaking.  Although Rashti may not have known the exact nature of the condition that caused her roof to leak after it was installed in 1995, she did know that the roof was leaking that year and the general cause of the leak.  Therefore, the discovery rule does not apply to her claims.
(footnote: 2)
 Because the trial court did not err in granting the summary judgment on limitations grounds, the judgment is affirmed.
(footnote: 3)

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED: August 23, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Rashti relies on 
Ruebeck v. Hunt
, which applied the discovery rule in tolling the statute of limitations in a roof construction contract case.  142 Tex. 167, 176 S.W.2d 738 (1943).  Her reliance is misplaced because 
Ruebeck
 involved a claim of fraudulent concealment when the shingles and asbestos felt were not laid in compliance with the specifications in the contract.  
Id
. at 739.  There is no fraudulent concealment claim in this case.  Unlike 
Ruebeck
, in this case Rashti had actual knowledge that her roof was damaged and in need of repair.

3:
Because the summary judgment may be upheld on GS Roofing’s limitations defense, we do not reach Rashti’s other points.