COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-250-CV
  
  
JEANETTE 
AUGUSTA RASHTI                                                APPELLANT
D/B/A 
J.A.R. ASSOCIATES
  
V.
   
GS 
ROOFING PRODUCTS, INC.                                                  APPELLEE
 
  
------------
 
FROM 
THE 352ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Jeanette 
Augusta Rashti, d/b/a J.A.R. Associates (“Rashti”), appeals from an order 
granting summary judgment in favor of GS Roofing Products, Inc. (“GS 
Roofing”) on all of her claims against GS Roofing. We will affirm.
        Rashti 
contracted with GS Roofing to replace roofing on Rashti’s shopping center on 
September 7, 1995. Installation of the new roofing was completed on October 27, 
1995. Immediately after the roof was replaced, Rashti was informed by her 
tenants that the roof was leaking. Rashti notified the contractor and the 
subcontractor, and several attempted repairs were made to stop the leaking.
        Rashti 
filed suit against GS Roofing on September 18, 2000, approximately five years 
after Rashti first learned from her tenants that the roof was leaking. GS 
Roofing moved for summary judgment on the ground that Rashti’s claims are 
barred by the two- and four-year statutes of limitations, and the trial court 
granted the motion. See Tex. Civ. 
Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002); Tex. Bus. & Com. Code Ann. § 
2.725(a) (Vernon 1994).
        In 
a summary judgment case, the issue on appeal is whether the movant met his 
summary judgment burden by establishing that no genuine issue of material fact 
exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); S.W. Elec. 
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). Therefore, we must view 
the evidence and its reasonable inferences in the light most favorable to the 
nonmovant. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 
391 S.W.2d 41, 47 (Tex. 1965). Evidence that favors the movant’s position will 
not be considered unless it is uncontroverted. Id.
        Because 
the trial court did not specify the basis for its decision, we must affirm the 
summary judgment if any of the movant’s theories are meritorious. Star-Telegram, 
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). A defendant is entitled to 
summary judgment on an affirmative defense if the defendant conclusively proves 
all the elements of the affirmative defense. KPMG Peat Marwick v. Harrison 
County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). To accomplish 
this, the defendant-movant must present summary judgment evidence that 
establishes each element of the affirmative defense as a matter of law. Ryland 
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996). When a defendant seeks 
summary judgment based on the statute of limitations, it must prove when the 
cause of action accrued and must negate the applicability of the discovery rule 
if pled by the nonmovant. Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 
1990).
        Rashti 
does not dispute that she knew the roof leaked more than four years before she 
filed suit. She contends, however, that the trial court erred in refusing to 
apply the discovery rule to her claims because she did not have knowledge of the 
specific condition that caused the roof to leak.
        The 
discovery rule exception operates to defer accrual of a cause of action until 
the plaintiff knows, or by exercising reasonable diligence should know, of the 
facts giving rise to the claim. Wagner & Brown, Ltd. v. Horwood, 58 
S.W.3d 732, 734 (Tex. 2001). It is “a very limited exception to statutes of 
limitations,” which should only be used when the nature of the plaintiff’s 
injury is both inherently undiscoverable and objectively verifiable. Id. 
An injury is inherently undiscoverable if it is, by its nature, unlikely to be 
discovered within the prescribed limitations period despite due diligence. Id. 
at 734-35. All that is required to commence the running of the limitations 
period is the discovery of an injury and its general cause, not the exact cause 
in fact and the specific parties responsible. See Russell v. Ingersoll-Rand 
Co., 841 S.W.2d 343, 344 n.3 (Tex. 1992).
        In 
her answers to GS Roofing’s interrogatories, Rashti stated that the roof 
leaked “from the very start of installation” in 1995. Immediately after the 
new roof was installed, Rashti’s tenants complained to her that they were 
still having leaks, and attempted repairs were made to stop the leaking. 
Although Rashti may not have known the exact nature of the condition that caused 
her roof to leak after it was installed in 1995, she did know that the roof was 
leaking that year and the general cause of the leak. Therefore, the discovery 
rule does not apply to her claims.[2]
        Because 
the trial court did not err in granting the summary judgment on limitations 
grounds, the judgment is affirmed.[3]
 
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
PANEL 
A:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DELIVERED: 
August 23, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Rashti relies on Ruebeck v. Hunt, which applied the discovery rule in 
tolling the statute of limitations in a roof construction contract case.  
142 Tex. 167, 176 S.W.2d 738 (1943).  Her reliance is misplaced because Ruebeck 
involved a claim of fraudulent concealment when the shingles and asbestos felt 
were not laid in compliance with the specifications in the contract.  Id. 
at 739.  There is no fraudulent concealment claim in this case.  
Unlike Ruebeck, in this case Rashti had actual knowledge that her roof 
was damaged and in need of repair.
3.  
Because the summary judgment may be upheld on GS Roofing’s limitations 
defense, we do not reach Rashti’s other points.