## GOVIER v. GUNNELS et al.
### No. 12363.

Court of Civil Appeals of Texas. Galveston.
Feb. 7, 1952.

Rehearing Denied Feb. 28, 1952.

C. H. Chernosky and Robert A. Jircik, both of Houston, for appellant.

Stone & Davis, of Freeport, for appellees.

CODY, Justice.

This is an appeal from a summary judgment rendered upon appellee's motion therefor.

The suit was brought by appellee, an assignee of a paving lien certificate issued by the City of Velasco, against appellant, the owner of property abutting on the paving in question, to recover the sum of $1,437.50, interest, and attorney's fees, from appellant personally, and to foreclose a statutory lien against appellant's property abutting the property in question.

Appellant's answer, in addition to a general denial, urged as affirmative defenses the pleas that he was not liable for the

reasons: (1) That the consideration for the paving had wholly failed in that it did not comply with the plans and specifications in certain specified particulars, and (2) That the City Engineer of Velasco wrongfully accepted the performance by the paving contractor as a compliance with the paving contract, which acceptance was wrongfully ratified and confirmed by the governing body of the City of Velasco, and that such acceptance had constituted a fraud on the rights of appellant.

Appellee moved the court, so far as material on appeal, "That it enter, pursuant to Rule 166–A of the Texas Rules of Civil Procedure, a summary judgment in plaintiff's favor for all of the relief demanded in plaintiff's petition on the ground that defendant failed to submit any affirmative defenses, and that the defenses set forth in defendant's answer are insufficient, as a matter of law, and that there is therefore no genuine issue as to any material fact and plaintiff is entitled to judgment as a matter of law. * * *"

Appellant filed a cross-action for summary judgment, which so far as this appeal is concerned, provides: "This motion is based upon the pleadings, proof, admissions and depositions on file in this cause, all of which clearly show that while plaintiffs might have stated a cause of action were it not for the fact that defendant has a good and valid defense thereto, the pleadings and proof show that defendant has, and has proven up a prima facie defense, amply supported by admissible and uncontroverted evidence, and therefore is entitled to a summary judgment as a matter of law * * *."

The court heard the motions together. Appellee introduced his pleadings, and introduced his paving certificate. The appellant introduced the deposition and affidavits on file. The judgment rendered by the court recites " * * * the court, having considered the pleadings on file and the Certificate of Special Assessment, deposition and affidavits, finds that they show an absence of any genuine issue as to any material fact * * *," and rendered summary judgment for appellee.

In response to appellant's request, the court filed conclusions of fact and law.

Appellant is predicating his appeal upon 21 formal points, the substance of which will hereafter be discussed. Among these points, appellant urges the complaint that the court erred in refusing to render judgment upon his motion for summary judgment to the effect that appellee should take nothing.

This appeal embraces the same paving contract which was involved in the appeals before this Court in Fonville v. Southern Materials Co., Tex.Civ.App., 239 S.W.2d 885 (writ refused, n. r. e.), and in Hunt v. Southern Materials Co., Tex.Civ.App., 240 S.W.2d 400 (writ refused). It is evident from the record that the parties undertook to present their case in light of the holdings made in the cited cases.

As was stated in Fonville v. Southern Materials Co., supra, power has been conferred upon the governing bodies of cities by Section 6, R.C.S. Art. 1105b, Vernon's Ann.Civ.St. art. 1105b, § 6, to assess the cost of improving a highway upon the property abutting thereon, and against the owner of such property, personally; and to issue paving lien certificates which shall be prima facie evidence of the matters therein recited, all as therein provided. Appellee, by introducing his petition, which was in common form, and the certificate, made out a prima facie case. Hence, if, as appellee asserted in his motion, appellant "failed to submit any affirmative defenses," appellee was entitled to a judgment on his motion.

The affirmative defenses which are relied upon by appellant in this case are the same as were relied on in the aforesaid Fonville case. However, it was not held in that case that the defenses there pleaded were not sufficient, but that the statements contained in the affidavits were not statements of fact, but were conclusions of law based on facts not revealed in the record, and were as devoid of probative force as the averments in the answer. Specifically, the affirmative defenses urged that the consideration for the paving contract had wholly failed in that the paving contractor

had failed to lay the concrete in compliance with the plans and specifications as to thickness. Namely, that it was required by the contract that the concrete be nine inches in depth at the center of the highway, and seven inches in depth at the sides; whereas, as constructed, the concrete was nowhere in excess of from four to five and one-half inches. And, as indicated above, appellant further alleged that in accepting such performance, the City Engineer acted in fraud of appellant's rights as an abutting property owner, as did also the then governing body of the City in ratifying and confirming such acceptance.

We consider Fisher v. L. E. Whitham & Co., 120 Tex. 516, 39 S.W.2d 869, 875, as the leading case on affirmative defenses of an abutting property owner against a suit to enforce a paving certificate. The court was there dealing with the question of unreasonable delay in starting the performance of the contract, during which the situation of an abutting property owner changed. But the review there made, with respect to affirmative defenses of the abutting owner, as regards quality and quantity of workmanship and materials, we deem a correct exposition of the law. It was there stated that the acceptance of paving by the city is conclusive as regards quality and quantity of workmanship and materials, when the acceptance is made in good faith and with due regard to the rights of the abutting owner. The principle involved in such cases, the court states, "* * * applies to the character and quantity of material, and manner of executing the work, and is corollary to the rule that if there is a substantial compliance with the terms of the contract in these particulars, the act of acceptance by the city is binding on the property owner. We think, however, that in a case where there is no substantial compliance with the terms of the contract as to quality or quantity of materials, or kind and character of construction or work, the owner is not bound by the acceptance by the city. Certainly the city cannot bind the owner to accept, to his injury, compliance with a purely statutory and involuntary contract,

on his part, unless there is at least a substantial compliance therewith by the paving company."

A court may not substitute its judgment with respect to a matter committed by law to the discretion of the governing body of a city. But under the holding in the case just quoted from, it seems clear that the Supreme Court considered that the power of a city to accept work as being in compliance with the contract, so as to bind the abutting owner, was limited to instances of substantial compliance. The only legal justification for charging an abutting owner involuntarily for paving is the enhancement to his property. It would be imposing such charge arbitrarily, or what in law would amount to fraud, for a city to accept work which did not substantially comply with the contract.

So it is open to an abutting owner to resist the enforcement of a paving certificate if he can show that, notwithstanding a city has accepted a paving job, there was no substantial compliance. In support of his resistance to appellee's motion for summary judgment, and in support of his affirmative defenses, appellant adduced the depositions and affidavit on file, which purport to show, on the personal knowledge of the witness and affiant, by one competent to testify to the matters which he stated therein, the thickness of the concrete required by the terms of the contract, and the thickness of the concrete as actually laid, as determined by actual measurements at specified points.

The witness testified as to the measurements of the thickness of the concrete, made when the concrete was being laid, which he found to be less than six inches green concrete; that he made known the results of his measurements to somebody connected with the laying of the said pavement. "Q. If you have stated that you have made the results of these measurements known to someone connected with the laying of said pavement, please state to whom? A. The engineer on the job. I don't know what his name was."

342

By urging his motion for summary judgment, appellee demurred to the facts referred to, as failing to raise any genuine issue as to a material fact. The facts purport to raise the issue that the concrete as laid failed to constitute a substantial compliance with the contract. We are not able to state as a matter of law that there was no affirmative probative fact presented from which it might not be reasonably concluded that there was not a failure of substantial compliance. Affirmative probative evidence sufficient to raise a genuine issue as to a material fact, at least in Texas, to go to a jury, does not have to be sufficient to support the jury's verdict thereon. We, accordingly, think that the court erred in sustaining appellee's motion.

The court did not err in refusing appellant's motion for a summary judgment. It is manifest that appellee made out a prima facie case by submitting his petition and the paving certificate to the court. The facts adduced by appellant could not deprive appellee of the fruits of having shown a prima facie right to prevail upon a trial.

We reverse the judgment of the trial court sustaining appellee's motion for summary judgment, and remand this cause for trial.

MONTEITH, C. J., not sitting.