Oliver J. TODD, Jr., et al., Appellants,

v.

Hugh Carl BRUNER et al., Appellees.

No. 6355.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1961.

Rehearing Denied Sept. 27, 1961.

W. C. McClain, Conroe, and Butler, Binion, Rice & Cook, Houston, for appellants.

James M. Crane, Conroe, Howard Klein, Tomball, W. S. Barron, Jr., Dallas, for appellees.

STEPHENSON, Justice.

Oliver J. Todd, Jr., John J. Todd and John Hamman, as plaintiffs, sued Hugh Carl Bruner and wife, and George A. Klein and wife, as defendants, in trespass to try title to recover an undivided $\frac{3}{4}$ interest in a tract of 214.87 acres of land in Montgomery County, Texas. These defendants plead the ten-year statute of limitation. The trial court rendered judgment for the defendants to the full fee title upon answers of the jury to the special issues submitted. The parties will be designated here as they were in the trial court.

The jury found in response to Special Issue No. 1 that defendants had held peaceable adverse possession of the land in controversy for a period of 10 consecutive years after January 1, 1938 and prior to December 1, 1953. The jury also found in answer to Special Issue No. 2 that plaintiffs knew the defendants were claiming the land in controversy or, that the defendants asserted an adverse possession against plaintiffs of such unequivocal notoriety that plaintiffs would be presumed to have notice of such adverse claim.

The plaintiffs have appealed from such judgment contending in their first point the trial court erred in not granting their motion for judgment non obstante veredicto and their motion for new trial because there is "no evidence" to support the jury finding to Special Issue No. 2. This is a question of law and is to be tested on appeal by considering only the evidence favorable to the verdict and disregarding all other evidence. The finding will be upheld unless:

(a) there is a complete lack of evidence;

(b) the testimony or circumstances raise only a suspicion, a surmise or scintilla of evidence;

(c) there is no reasonable basis for the jury's finding;

(d) reasonable minds could not differ as to the conclusion to be reached.

July 29, 1903, the parties to this suit, or those under whom they claim, by judgment recovered title to 553½ acres of land, more or less, out of the Bartley Murray one-third League, Montgomery County, Texas. The interests of the parties were undivided and they, or those claiming thereunder, became co-tenants. Thus, subject to the claim of adverse possession, the record title to this property is vested ¾ths in the plaintiffs and ¼th in the defendants.

In reading through this record this court has found the following evidence which is favorable to the finding of the jury:

(1) During the same year, 1903, when the land was acquired by the judgment above mentioned, one of the defendants' predecessors in title, went out upon the land with one of the plaintiffs in this suit, John Hamman. They walked around the property and to "clear the title" a trade was made and the land was divided. Later the lines were marked and the tract of land involved in this suit was surveyed. There was no written partition between the owners. The plaintiff John Hamman was to have no interest in the part surveyed off.

(2) In 1937 the predecessors in title to the defendants built a fence surrounding the land in controversy. This fence was paid for by one of the persons under whom defendants claim and nobody else contributed to the erection of the fence. Plaintiffs did not participate in the building of this fence.

(3) In 1937 the defendants' predecessors in title orally leased the land to one B. B. Brown. Brown, together with other parties with his permission, ran cattle on the land under such lease from 1937 to 1943. The fences were maintained in good repair during this five year period.

(4) In 1941 the defendants' predecessors in title sold the timber on their land to one W. C. Brautigam, who cut, loaded and transported this pine timber from the land. Brautigam sold the sawlog and heavy timber to Lester Neidigk who took from a year to 18 months to cut, load and haul off the saw stock. Neither these plaintiffs nor their predecessors in title received any part of the money.

(5) In 1943 the defendant Bruner took an oral lease on this property from his predecessor in title, and no one else, and kept it under lease until he purchased this property in 1952. From 1942 to 1952, under the terms of his lease he maintained the

fence: such a fence as would turn livestock. He kept between 25 to 40 head of cattle and horses on this property 12 months out of each year.

(6) This property was conveyed to the defendants Bruner by deed recorded November 29, 1952 in the Deed Records of Montgomery County, Texas. This deed described a specific 214.87 acres of land, more or less, by metes and bounds and referred to the land as being a part partitioned out of the land recovered in the judgment first mentioned in this opinion, and recited a consideration of $11,647.35.

(7) Defendant Bruner rebuilt the fences after buying this land, and kept as high as 75 cattle grazing on it.

(8) Defendant Bruner sold the timber from this land during the early part of 1953, and the timber was cut and removed.

(9) The defendants' predecessors in title paid the taxes on this property for the years, 1932, 1935, 1940, 1942, and 1949. During those years this land was assessed in the name of one of defendants' predecessors in title.

(10) The plaintiffs did not pay any taxes upon this property.

(11) Witnesses testified they had never heard of anyone claiming the title to this land other than defendants and their predecessors in title.

(12) Two of defendants' predecessors testified that they had never heard of an adverse claim against them, particularly none from plaintiffs or their predecessors, and that they the defendants had claimed the property as their own against the whole world.

■■ The Rule as to the extent of notice which one cotenant must give to another in order to mature title by limitation is clearly stated in Moore v. Knight, Tex. Com.App., 127 Tex. 610, 94 S.W.2d 1137, 1139, as follows:

"It is hardly necessary to reiterate what has often been stated by the courts. It is not necessary that actual notice of an adverse holding and disseizin be brought home to a cotenant. Such notice may be constructive, and will be presumed to have been brought home to the cotenant when the adverse occupancy and claim of title is so long-continued, open, notorious, exclusive, and inconsistent with the existence of title in others, except the occupant, that the law will raise the inference of notice to the cotenant out of possession; or the jury may rightfully presume such notice."

See, also, Mills v. Vinson, Tex.Civ.App., 342 S.W.2d 33 (Ref.N.R.E.). It is the opinion of this court, after considering the evidence favorable to this verdict, that there was ample evidence of the assertion by defendants, and those under whom they claim, of such unequivocal notoriety that plaintiffs would be presumed to have notice of such adverse claim. The finding of the jury in answer to Special Issue No. 2 was supported by this evidence.

The next two points of error raised by the plaintiffs complain of the trial court's action in overruling their motion for new trial because the findings of the jury in answering Special Issues Nos. 1 and 2 in the affirmative was so against the overwhelming weight and preponderance of the evidence as to be unfair, unjust and manifestly wrong and the result of bias, passion and prejudice. This court has considered all of the evidence in this record, both favorable and unfavorable to the findings of the jury, and hold the points are without merit.

The judgment is affirmed.