**Polly A. CARSEY, a feme sole, Appellant,**

**v.**

**Pete BOLIN, Appellee.**

**No. 92.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

April 3, 1968.

Rehearing Denied May 8, 1968.

W. W. Kilgarlin, Phelps, Kilgarlin & Snell, Houston, for appellant.

Pearson Grimes, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

SAM D. JOHNSON, Justice.

This was a suit for damages growing out of an automobile accident occurring at a street intersection controlled by a traffic signal light in Houston, Harris County, Texas. The appellant, Polly A. Carsey, was the plaintiff below and she appeals from a take nothing judgment based on an instructed verdict. The trial began on September 5, 1967, and at the conclusion of the appellant's testimony, appellee filed his first motion for instructed verdict which was overruled. The appellee, who was the defendant, then presented evidence and concluded his case on September 7, 1967. After both sides had finally rested, the appellee offered a second motion for instructed verdict, which was again overruled. The case was argued and the jury began its deliberations on September 7, 1967. The jury deliberations were continued the next day, September 8th. During the jury deliberations, the trial court announced that the case would be withdrawn from the jury and that an instructed verdict would be granted for the defendant.

The automobile accident which was the basis of this suit occurred on September 30, 1965 at the intersection of Travis and Calhoun Streets. Appellant was driving her automobile north on Travis, a one-way street, and appellee was driving his automobile west on Calhoun, likewise a one-way street. The intersection was controlled by a traffic signal light that was functioning properly at the time.

Appellant, Polly Carsey, testified that the collision occurred when the right side of her car was struck by the front of appellee's car as she was proceeding through the intersection on a signal light that was green to her. She further testified that she was was almost through the intersection at the time of the collision. A portion of her testimony was substantiated by the investigating officer, J. K. Moran, who testified that the front end of appellee's automobile struck the right side of appellant's vehicle and that appellant's automobile was within fourteen feet of being out of the intersection at the point of impact.

Officer Moran testified that he talked with the appellant at the hospital shortly after the accident. The officer testified that he there prepared a brief statement which the appellant signed which in part stated, " * * * when I looked up and saw the light, the light was red." Officer Moran further testified that the appellant told him at the hospital that she had run the red light at the intersection. At trial, the appellant testified that she had never told Officer Moran that she had run a red light. It was her testimony in the trial court that the officer had visited her in the hospital shortly after the accident while she was waiting for the doctor and that he, the officer, insisted that she had run a red light. She further testified that Officer Moran had pressed her to sign the statement and that she finally agreed on the officer's assurance that "it doesn't necessarily mean you are guilty" and only to get him out of the hospital. Her words were, " * * * all right, if you'll just get out of here and leave me alone, I'll sign anything."

Three witnesses who were passengers in appellee's car testified as to the facts of the collision in addition to the appellee's first-hand and direct testimony. All of this testimony was diametrically opposed to the appellant's version of the accident. It was the contention of the appellee that when he approached the intersection, he came to a complete stop in obedience to the signal light that was then red to him. After waiting for the light to change from red to green, he did not move forward immediately, and did so only when someone in a vehicle to his rear honked their horn. Appellee testified that he then proceeded into the intersection in obedience to a green signal and under these circumstances appellant's car ran through a signal light which was red to her, thus occasioning the collision.

A disinterested witness to the accident also gave direct testimony supporting appellee's version of the collision. It was his testimony that the appellant, Polly Carsey, had run a red light at the intersection and as a result, had collided with the automobile of the appellee.

Appellant brings only one point of error, that, "The trial court erred in instructing a verdict against your appellant and entering a take nothing judgment inasmuch as the pleadings and evidence raised material fact issues."

We agree with appellant's contention. Justice Brewster, in White v. White, 141 Tex. 328, 172 S.W.2d 295 (1943), stated, "In determining whether it was proper to instruct a verdict in this case, we must view the evidence in the light most favorable to the petitioners, the losing parties. Thomas v. Postal Telegraph Cable Co., Tex.Com.App., 65 S.W.2d 282. * * * A peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment. * * *" This rule has been consistently followed by the courts of this state.

Even though the evidence may greatly preponderate on one side of the issue, as it does here, a jury may not be instructed to return a verdict if there is sufficient evidence to raise a fact issue on any material question. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422, rehearing denied; Black v. Mosk Clothes Shop, Tex.Civ.App., 99 S.W.2d 343, no writ hist.; Moore & Moore Drilling Co. v. White, Tex.Civ. App., 345 S.W.2d 550, err. ref., n. r. e.; McCormick v. Rhoades, Tex.Civ.App., 357 S.W.2d 595, err. ref., n. r. e.; Shelton v. Ector, Tex.Civ.App., 364 S.W.2d 425, no writ hist. For this purpose, *any probative evidence* on the issue is sufficient, though it may be inadequate to support a verdict. Jesson v. Texas Land & Loan Co., Tex.

Civ.App., 21 S.W. 624, no writ hist.; Maryland Casualty Co. v. Morua, Tex.Civ.App., 180 S.W.2d 194, err. ref.; Govier v. Gunnels, Tex.Civ.App., 246 S.W.2d 339, no writ hist.

In the case at bar, the basic issue was whether the appellant or the appellee proceeded into the intersection with a green signal light. This was recognized by the trial court, in that four of the special issues in the court's charge made inquiry on "proper lookout" and two of the issues inquired whether the appellant did or did not enter the intersection at a time when the light facing her was red. The testimony before the trial court greatly preponderated in favor of the appellee, that is, that he proceeded into the intersection governed by a signal light that was green to him, and that the appellant ran a red light.

The *only* testimony favoring the appellant's position, that she proceeded into the intersection governed by a green light, was given by appellant herself. Her testimony was unequivocal, however, that the signal light governing her travel was green when she proceeded into the intersection. The question is whether or not the testimony of an interested party, a litigant, is sufficient to raise an issue of fact. We believe that it clearly is. "The testimony of an interested witness requires that a special issue be submitted." Gulf States Paint Co. v. Kornblee Co., Tex.Civ.App., 390 S.W.2d 356, ref., n. r. e.; 56 T.J.2d 550, Sec. 210; 169 A.L.R. 798. Here the testimony of the appellant, standing alone, was sufficient to raise a fact issue on the material issue, thus prohibiting an instructed verdict for the appellee.

In considering the propriety of the trial court's action in instructing a verdict for the appellee, we must presume the testimony favorable to the appellant to be true. We must give the appellant's testimony the most liberal construction that such evidence will reasonably bear, giving the appellant all reasonable inferences arising

therefrom. All evidence contradictory to that favorable to the appellant must be disregarded. Felder v. Houston Transit Co., Tex.Civ.App., 203 S.W.2d 831. Applying this test there is more than a scintilla, mere surmise or suspicion of evidence. There is direct evidence of probative force concerning a material fact issue.

Appellee contends that he had no reason to anticipate that someone would be traveling through the intersection on a red light and that he was not bound to anticipate the negligent or unlawful conduct of another, citing Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Tex. 196, 59 S.W. 533. In this he is quite right. The issue, however is not whether or not a wrongful or negligent act must be anticipated. It is whether or not the appellant *did* travel through a red light and thus whether or not she was, in fact, guilty of any negligent act or any act in violation of the law.

The judgment of the trial court must therefore be reversed and the cause remanded to the trial court.

Reversed and remanded.