**Norma Lugene STEPHENSON, Appellant,**

v.

**Leo E. O'NEAL, Appellee.**

**No. 140.**

Court of Civil Appeals of Texas.

Houston.

Oct. 16, 1968.

Rehearing Denied Nov. 13, 1968.

AJ Taylor, Harrison, Taylor & Werner, C. B. Stephenson, Schlanger, Cook & Cohn, Houston, for appellant.

Edmund L. Cogburn, Dow, Cogburn & Friedman, Houston, for appellee.

SAM D. JOHNSON, Justice.

Mrs. Norma Lugene Stephenson filed this suit on December 29, 1961, for herself, individually, and as independent executrix of the estate of her deceased husband against Leo E. O'Neal. She alleged that Mr. O'Neal, who was a home builder, fraudulently misrepresented the condition of the foundation of a house, thereby inducing her and her husband to purchase it. The sale in question was closed March 4, 1955, which was in excess of six years prior to the filing of this suit.

The plaintiff took the stand in her own behalf. Her testimony reflected that the house began showing symptoms of a defective foundation within a year after closing. she further testified that she and her husband had several discussions between a year and two years after the house was purchased concerning the defective nature of the foundation. Based on this testimony,

the defendant moved for an instructed verdict at the close of plaintiff's evidence on the ground that such evidence conclusively showed plaintiff's suit to be barred by the two year Statute of Limitation. This motion was granted and the instructed verdict was entered. Plaintiff's motion for new trial was overruled and appeal is perfected to this court.

The substance of the error claimed by the plaintiff is that the trial court erred in instructing a verdict based upon the two year statute of limitations because there was ample evidence to warrant submitting an issue negativing that defense to the jury. The defendant contends that there was no error because the testimony of the plaintiff clearly showed that she and her husband were aware or on reasonable notice of the facts allegedly misrepresented for more than two years prior to the filing of this suit.

■ This court has recently had occasion to set forth the settled rules on granting instructed verdicts. Carsey v. Bolin, Tex.Civ.App., 427 S.W.2d 721. We view the evidence in the light most favorable to the appellant for a pre-emptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment. A jury may not be instructed to return a verdict if there is sufficient evidence to raise a fact issue on any theory of liability. Any probative evidence on the issue is sufficient though it may be inadequate to support a verdict.

Here the plaintiff testified to numerous representations concerning the foundation on the part of appellee. In substance these were that the foundation was of good concrete construction with pier holes, that it was sturdy and substantial, that it would give no trouble, that it would "stand up," that it was the best the builder had ever built, and that it was built in a good workmanlike manner. She testified that after she and her husband had moved in that numerous defects began to occur in the home. Floors buckled and sagged, doors had to be planed off to open or close, cracks appeared in the walls and began to widen, and the driveway cracked.

In her deposition testimony that was read in evidence she was questioned about how long it was after the representations were made that these things occurred. Question: "When was that—say five or six years afterward?" Answer: "Oh, no. That was not that long afterwards." Question: "Two or three years?" Answer: "Yes, something along there." Question: "Not more than three years, would you say?" Answer: "I believe so, before that.—even." Question: "Maybe two years?" Answer: "Maybe two years." She was later asked, "And all this occurred within a period of two years, I believe?" Answer: "Yes." Question: "From the time you moved into the house?" She responded, "Yes."

By deposition Mrs. Stephenson testified that she felt that when they first bought the house there was a probability of the cracks in the walls being caused by the foundation. She testified that she discussed this with her husband prior to his death, which was over two years prior to the filing of this suit. She stated that the condition of the house disturbed him very much and that "He made a remark that it must have a bad foundation." She was asked, "So he did mention to you at that time, that it was a bad foundation that caused the cracks?" She answered, "He just said it must be." Most significantly Mrs. Stephenson's testimony shows that she and her husband discussed what her husband believed to be true, that is, that the foundation had been misrepresented to them by the defendant.

■ Generally where an individual has knowledge of facts that would cause a reasonably prudent person to make inquiry which would lead to the discovery of the fraud, the Statute of Limitation begins to run with the acquisition of such facts for knowledge of such facts is in law knowledge of the fraud itself. White v. Bond,

362 S.W.2d 295 (Tex.Sup.). This rule was applied in a situation similar to the instant case in Polk Terrace, Inc. v. Curtis, Tex. Civ.App., 422 S.W.2d 603, writ ref., n. r. e. There the plaintiffs had received assurances concerning the quality construction of the house and its foundation. Numerous indications of foundation difficulty began to appear during the first year of occupancy. Over six years after the alleged false representations plaintiffs brought suit and took the position that they did not discover the defendant's fraud until they had hired an expert to investigate the house some five years later. The court stated, "It is our opinion that as a matter of law in the light of *their own testimony,* appellees for more than two years prior to the institution of their suit * * * had knowledge of such facts as would cause a reasonably prudent person to make inquiry which would have led to a discovery of the fraud." (Emphasis added).

The instant case is even stronger. In Polk Terrace, Inc. v. Curtis, supra, there was no indication that the plaintiffs had any idea or even suspicioned that their difficulties were caused by a defective foundation. The court's determination was based on the cumulative effect of all of the defects which was such as to put the plaintiffs on reasonable notice that they were due to foundation difficulties. These were likewise present in the case at bar. In addition, here the plaintiff's own testimony was that she and her husband discussed the facts concerning the bad foundation, her husband stated to her that it must have a bad foundation, and that the foundation was causing all of the difficulties. Even more importantly, it was Mrs. Stephenson's testimony that brought before the court the conversation she had with her husband about the misrepresentation itself. It is not contested that all of the conversations, observations and discussions occurred considerably in excess of two years before the suit was filed.

The Statute clearly begins to run from the time the fraud is discovered or could

have been discovered by the exercise of reasonable diligence. Quinn v. Press, 135 Tex. 60, 140 S.W.2d 438, 128 A.L.R. 757. This being true the Statute undoubtedly begins to run when the parties alleged to be defrauded have knowledge of the defects sufficient to put them on notice, discuss between themselves the defective nature of the foundation as their cause, and communicate one to the other that this very foundation had been misrepresented to them. Mrs. Stephenson was asked concerning her husband, "He felt that Leo had misrepresented the foundation to him?" She answered, "I suppose that's what he felt."

Appellant here relies on two cases, Polk Terrace, Inc. v. Harper, Tex.Civ.App., 386 S.W.2d 588, writ ref., n. r. e., and Ruebeck v. Hunt, Tex.Civ.App., 171 S.W.2d 895, affirmed, 142 Tex. 167, 176 S.W.2d 738, 150 A.L.R. 775. In neither of these cases, however, did the plaintiffs suspect that the houses had been misrepresented until the uncovering of a concealed, technical and specific defect. In the first, the representation was not as to quality, but as to technical requirements of the Veterans Administration Housing Program. In the second the technical defect was the concealed improper placement of slate roofing. Both were outside the competence of the plaintiffs who were not charged with knowledge of the fraud until the specific fraud was later detected.

■ According to Mrs. Stephenson's testimony in the instant case she and her husband knew or constructively knew of the defective foundation. According to Mrs. Stephenson's testimony she and her husband considered the foundation to be the cause of the numerous defects that were observed. According to Mrs. Stephenson's testimony her husband believed and communicated his belief to her that the foundation actually had been misrepresented by the defendant. Admissions in the testimony of a party to a suit are binding on that party. They do not raise issues of fact. Such testimony is governed by different

rules to those governing other witnesses who are not parties. Texas & P. Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652; Froelich v. Trinity Universal Ins. Co., Tex. Civ.App., 355 S.W.2d 85, no writ. hist.

▬ It is the plaintiff's testimony that is determinative of the issue before the court. Based on such testimony the Statute began running well in excess of two years prior to the filing of the instant suit. There was, therefore, no issue of fact to be presented to the jury and the instructed verdict was proper.

The judgment of the trial court is affirmed.