George D. BARRON, Appellant,

v.

William F. FARAH, and The Farah Manufacturing Company, Inc., Appellees.

No. 6155.

Court of Civil Appeals of Texas, El Paso.

April 7, 1971.

Rehearing Denied May 5, 1971.

Howard Jefferson Gibbs, El Paso, for appellant.

Edwards, Belk, Hunter & Kerr, Frank H. Hunter, El Paso, for appellees.

OPINION

RAMSEY, Chief Justice.

George D. Barron, plaintiff, brought suit against William F. Farah and The Farah Manufacturing Company, defendants, for actual and punitive damages arising out of an alleged breach of contract of employment. At the conclusion of the trial, judgment was entered by the court, based upon jury findings, overruling plaintiff's motion for judgment, and decreeing that plaintiff take nothing.

Plaintiff was a resident of New Jersey, working in New York. While on vacation to El Paso, plaintiff decided to change locations and discussed with defendants the possibility of employment. It was ultimately agreed orally that plaintiff, though experiencing a substantial reduction in salary, would be employed by defendant at a salary of $15,000.00 per year, payable $1,250.00 per month, plus a six month's rental allowance. This was confirmed by letter from plaintiff to defendants, though the specified salary terms were not included in the letter. Plaintiff contends that the employment contract was for a specified term of one year, whereas defendants contend that the employment contract was at will and that the salary designation was used merely as a basis for determining the monthly compensation. After working approximately three weeks, plaintiff sustained an injury to his back necessitating some medical attention and, upon his return to work, his services were terminated. At the time of the discharge, plaintiff alleges that defendant acted wrongfully, tortiously, maliciously and oppressively, giving cause for punitive as well as actual damages.

The case was submitted to the jury on eight special issues, seven of which were answered favorably to the plaintiff. Issue number 1, however, was answered unfavorably. Plaintiff filed a motion requesting

the court to disregard the jury's finding on this issue, and to enter judgment for plaintiff. Defendants also filed a motion for judgment. The trial court denied plaintiff's motion, and granted defendants' motion, holding that, based on the jury's answer to Special Issue No. 1, the plaintiff's employment was at will and, therefore, no damages were recoverable. Plaintiff did not file a motion for new trial, and predicates this appeal on only one point of error, namely, that the court erred in holding that there was evidence of probative force to support the finding of the jury.

The issue in question submitted by the court is as follows:

"From a preponderance of the evidence, do you find that the Plaintiff, George Barron, was employed by Farah Manufacturing Company for a period of one year? Answer 'Yes' or 'No'.

"We answer 'No' ".

It is evident that the issue as framed is susceptible of a dual interpretation or construction; that is, whether the contract of employment was for a period of one year or whether plaintiff actually worked for one year. No other issue was submitted relating to the nature or duration of the employment agreement. No other issues were requested by the plaintiff, and plaintiff made no objections to the submission of the form or substance of the charge.

■ The authority for the trial court to disregard a jury finding is provided under Rule 301, Texas Rules of Civil Procedure, which states, in part, as follows:

" * * * Provided, that upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence * * *."

To disregard the jury finding, the reviewing court must determine that there is "no evidence" of probative force on which the jury could have made its finding. Shelton v. Ector, 364 S.W.2d 425 (n. w. h.); Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194 (1952); Shelton v. Belknap, 155 Tex. 37, 282 S.W.2d 682 (1955). In considering the "no evidence" criterion, the evidence must be viewed in the light most favorable to the plaintiff and to the verdict rendered by the jury. Ford v. Panhandle & Santa Fe Ry. Co., 151 Tex. 538, 252 S.W.2d 561 (1952); Shelton v. Ector, supra; Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359 (1957).

■ The plaintiff states in his argument that the prime question arises as to the length of employment. There is no allegation in plaintiff's pleading alleging employment contract for any specified period of time. In reviewing the testimony of the plaintiff, there is no question asked and no answer given that he was employed for a year. The only evidence introduced is the testimony of plaintiff that he was employed on an annual salary of $15,000.00. The defendant, Farah, however, testified:

"Well, we don't hire anybody for any definite period of time. We never have. The man was hired at an annual rate, as he discussed it, but we paid him at the rate of $1,250.00 a month, and we didn't know how long he would be there, and he was not bound to stay if he didn't wish."

Also, defendant denied in its answer that there was an agreement for employment for any specified period of time. Thus, the pleadings and, actually, the only direct evidence, shows an employment agreement with no time specified.

Plaintiff is correct in contending that the hiring at a stated sum for a month or a year may be sufficient to create a presumption of hiring for the period covered by each payment in the absence of special circumstances. 38 Tex.Jur.2d § 8, page 143. Yet, all circumstances are to be taken

into account, and where there exists either a conflict of opinions or a conflict apparent by reason of circumstances, in the absence of an agreed term, a jury issue is presented. Culkin v. Neiman-Marcus Company, Tex. Civ.App., 354 S.W.2d 397 (ref.). Plaintiff relies on Dallas Hotel Co. v. Lackey, Tex. Civ.App., 203 S.W.2d 557 (n. r. e.). There is a basic disinguishing difference in that there is a written agreement in the Dallas Hotel case specifying the length of time for the employment contract. Horn v. Builders Supply Company of Longview, Tex.Civ.App., 401 S.W.2d 143 (n. r. e.), states the general rule in the following manner:

"The general rule is that when a contract provides that one party shall render services to another, or shall 'work' for another, but does not specify a definite time or prescribe conditions which shall determine the duration of the relationship, the contract may be terminated by either party at will. Where the tenure of employment is not conclusively shown by the contract, the presumption is that the employment is at will, and the party relying on such a contract must overcome the presumption by showing facts and circumstances establishing some tenure of employment. 38 Tex.Jur.2d, Sec. 8, page 142; Rosenfeld v. Rosenfeld, 390 Pa. 39, 133 A.2d 829, 66 A.L.R.2d 1013."

Plaintiff further contends that a conflict exists in the jury's answer to Special Issue No. 1 as opposed to the remaining issues. Issues No. 7(e) and No. 8 are framed on the basis of one year's employment. The jury made its findings on that basis. The issues as submitted are for the jury to ascertain an amount of damage for one year's employment. Thus, there is no conflict in the jury's answers.

We conclude that there was an oral agreement or contract of employment with a dispute as to the term thereof. A proper jury question arises and, in viewing the evidence in the light most favorable to the plaintiff, there is certainly sufficient evidence of probative force on which the jury could make such a finding.

Plaintiff's point of error is hereby overruled and the action of the trial court is affirmed.